**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

BOBBY CHAPPLE                                                                           PLAINTIFF

V.                                      NO: 3:15CV00194 KGB/JWC

BRANDON PETTY, *et al*                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff Bobby Chapple, who is currently held at the Mississippi County Detention Facility, filed a *pro se* complaint on July 1, 2015, alleging that Defendants wrongly took money which had been sent to him.

### I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review

1

the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, his sister sent him a $25.00 money order on May 11, 2015. A guard brought it to Plaintiff and asked that he sign it over to the jail, but Plaintiff refused, and requested that it be returned to his sister. Plaintiff was told it could not be returned, and the next day Plaintiff learned the money order had been signed, and placed on his commissary account, but that $18.00 had been deducted. Although Plaintiff has talked to various officials and filed grievances, the money has not been returned, and some grievances have gone unanswered. Because the facts alleged do not state a claim for relief, Plaintiff's complaint should be dismissed.

Defendants' taking of Plaintiff's personal property is not an actionable constitutional claim. *See Hudson v. Palmer*, 468 U.S. 517, 530-537 (1984) (when state actor deprives individual of personal property, individual does not have a § 1983 claim if state law provides adequate post-deprivation remedy); *McQuillian v. Mercedes-Benz Credit* Corp., 331 Ark. 242, 247, 961 S.W.2d 729, 732 (Ark.1998) (conversion is a common-law tort action for the wrongful possession or disposition of another's property). *See also Bausley v. Dugan*, 110 Fed.Appx. 736 (8th Cir. 2004)(unpub. per curiam) (prisoner's remedy for property seized in a cell search was state-law action for conversion). Further, the failure of any Defendant to respond to Plaintiff's grievances is also not a constitutional violation. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(per curiam) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983). Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.[1]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment

---

[1]Plaintiff has also made vague allegations about feeling threatened by comments guards have made in the context of discussions about the money and grievance process. However, mere threats are not actionable.   *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir.1992)). Although Plaintiff alleged he was locked down on one occasion for asking about grievances and legal work, no Defendant was responsible for the lock down.

dismissing this action is considered frivolous and not in good faith.

DATED this 2nd day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE